# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-13-019-RAW |
| | ) |
| SAMMY WAYNE DAVIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant to dismiss superseding indictment, to which the government has responded. The court granted a mistrial in this case on May 9, 2013. The court issued a written order on the same day, which (along with the record made in court) sets forth the court's basic findings, which the court incorporates by reference. Defendant argues that any retrial would place him twice in jeopardy for the same offense. Because the court remains persuaded the mistrial was compelled by manifest necessity, the present motion will not be granted.

As the government notes, "manifest necessity" is not to be taken in a strict, literal sense. *See Arizona v. Washington,* 434 U.S. 497, 511 (1978). Within the realm of reasonable jurists, "the trial judge must have the power to declare a mistrial in appropriate cases," for "[t]he interest in orderly, impartial procedure would be impaired if he were deterred from exercising that power by a concern that any time a reviewing court disagreed with his assessment of the trial situation a retrial would automatically be barred." *Id*. at 513. In certain circumstances, "the public's interest in fair trials designed to end in just judgments

must prevail over the defendant's valued right to have his trial concluded before the first jury impaneled." *Id.* at 516.

Within the motion, defendant announces his intent to appeal any denial. The Tenth Circuit states "the district court is divested of jurisdiction to proceed to trial by the filing of a notice of interlocutory appeal raising a double jeopardy . . . issue." *Stewart v. Donges,* 915 F.2d 572, 576 (10th Cir.1990). An exception exists if the district court considers the double jeopardy claim after a hearing and, for substantial reasons given, finds the claim to be frivolous. *See United States v. Hines,* 689 F.2d 934, 937 (10th Cir.1982). The court does not anticipate making such a finding in the case at bar, but will maintain the present re-trial date pending filing of any appeal.

It is the order of the court that the motion of the defendant to dismiss (#92) is hereby denied.

**ORDERED THIS 20th DAY OF MAY, 2013.**

**Dated this 20th day of May, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma